UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LORETTA BUCKLAND, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Case No. 13-cv-191-JMH |
| LINDA STANLEY, et al., | ) |
| Defendants. | ) **MEMORANDUM OPINION & ORDER** |

\*\*\*

This matter is before the Court on Defendant Linda Stanley's Motion to Dismiss [DE 3], with respect to which Plaintiffs have filed a Response [DE 5], and Plaintiffs' Motion for an Extension of Time to Serve Jeremy Stanley, Aritta Becksted, and Loryn Shepherd [DE 6].

Fed. R. Civ. P. 4(m) provides that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Good cause requires "excusable neglect," *Bradford v Bracken Cnty.*, 767 F. Supp. 2d 740, 753-54 (E.D. Ky. 2011) (citing *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (6th Cir. 2000)).

The excusable nature of the neglect turns on "the danger of prejudice to the [non-moving] party, the length of delay and its impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id*. (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Lt. P'ship*, 507 U.S. 380 (1993)); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (explaining that "[t]o demonstrate good cause, other courts have held that plaintiff may also show he/she made a reasonable and diligent effort to effect service). "Reasonable and diligent effort" requires some showing of good faith and a reasonable basis for noncompliance. One must have legitimate reasons for untimely service, and this Court must take them into consideration in evaluating noncompliance. *Moncrief v Stone*, 961 F.2d 595, 597 (6th Cir. 1992); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (finding error where district court failed to consider plaintiff's medical problems and pro se status in its good cause determination).

The Court considers, first, Defendant Linda Stanley's motion to dismiss the claims against her. It is undisputed that she was served with the summons and complaint after the expiration of the 120 day period set forth in Rule 4. Plaintiff argues that the failure was due to excusable neglect and made in good faith as Plaintiffs had a difficult time finding her correct address and finding a process server willing to effect

2

service because counsel believed that she might be armed and dangerous.

Defendant Stanley points out, by means of an affidavit, that she has lived at the same address, 4271 Vince Road in Nicholasville, Kentucky, for twenty-eight years and that, in fact, Plaintiff Sonya Shepherd mailed correspondence to her at that address in 2011. Plaintiffs, in response, argue that their mistake about her address was in good faith as it was incorrectly reported in a criminal citation that Defendant Stanley received in relationship to the events which are the subject of this lawsuit[1] and that, while that fact was discovered by Plaintiffs before filing suit, research then turned up another incorrect address, 920 Lane Circle, for Defendant Stanley. It was only upon the return of an unclaimed attempt at service via certified mail at that address that Plaintiffs – or at least their counsel – discovered that the address was incorrect and then sought out someone to effect personal service of the summons and complaint. That took some time, Plaintiffs explain, because counsel felt obliged to tell potential process servers that Linda Stanley might be armed and potentially a danger to anyone attempting to effect personal service. Of

---

[1] Plaintiffs contend that they were injured Defendants ambushed, e.g., "threaten[ed]" and "physically attack[ed]", them in the parking lot of the Hobby Lobby store located in Nicholasville, Kentucky. [*See* Complaint, DE 1, *passim*.]

3

course, Plaintiffs' counsel offers no explanation beyond his conclusory statement for why he believed Linda Stanley might be armed and potentially a danger to anyone attempting to effect personal service. Ultimately, having waited so long to attempt service, Plaintiffs should not have been surprised that they were unable to serve her within the time frame set forth by the statute, only effecting it on the 126th day after commencement of this suit.

Plaintiffs have been unable to serve any of the other Defendants by certified mail. Plaintiffs claim that they have demonstrated good cause for their inability to serve the other defendants and seek, two months after the expiration of the 120 day period for service of process, an extension of time to serve them. First, the house located at the address at which service was first attempted is now for sale, a fact which they did not discover until the attempt at service by certified mail was returned unclaimed and a process server was located who would attempt to serve these defendants. Plaintiffs equate the fact the remaining defendants are no longer resident at the address where they used to live to evading service. While evading service would serve as an adequate basis for granting an extension of time, *see* Fed. R. Civ. P. 4(m), 1993 Advisory Committee Note, there is simply no evidence that these defendants left that address in an effort to evade service.

4

Occam's razor suggests that they have simply moved. Plaintiffs' counsel does not indicate that he has undertaken any further efforts to discover these defendants whereabouts. Nor has counsel adequately explained why he believed the remaining Defendants might be armed and pose a danger to anyone attempting to serve process such that Plaintiffs had difficulty hiring a service agent willing to locate and serve the defendants. As with Linda Stanley, counsel's statements in this regard are conclusory at best since he does not identify the source of that information or the grounds for that belief. Ultimately, the Court is not persuaded that counsel's inadvertent failure or halfhearted efforts to serve these defendants within the statutory period constituted "good cause" or that he or his clients necessarily acted in good faith in their efforts to timely serve these individuals.[2] *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir.1991) (citations omitted).

---

[2] In light of the analysis above, the Court need not necessarily consider whether the defendants would be prejudiced by granting Plaintiffs additional time to serve them. Nonetheless, the Court does note that, in the case of Defendant Stanley, it is highly unlikely she would be prejudiced in litigation by the additional six days that it took to serve her. As to whether the remaining defendants would be prejudiced by granting Plaintiffs additional time to serve these defendants, even considering that they only first requested leave two months after the expiration of the 120 day period for service, the answer is clear: probably not. At the time the present motions were filed, the case had barely begun and there could be little impact on judicial proceedings.

In the absence of good cause, the Court must still determine if it should exercise its discretion to further expand the time for service. Plaintiffs argue that an exercise of that discretion in their favor is appropriate due to the prejudice that will befall them and which militates against dismissal of their claims for failure to effect timely service. Specifically, they argue that such a dismissal would serve as a *de facto* dismissal with prejudice because there is a one year statute of limitations for suits for personal injury, the gravamen of this action, and because the action accrued on June 21, 2012, and the suit was commenced on June 21,2013. The fact that dismissal without prejudice may doom Plaintiffs' claims does not, however, require this Court to extend the time for service of process. *See Grose v. Mansfield Correctional Institute*, 2007 WL 2781434, *3 (N.D. Ohio Sept. 24, 2007) (citing *Nehls v. Hillsdale College*, 2004 U.S. Dist. LEXIS 8588, *17 (W.D. Mich. Feb. 20, 2004); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996)). Courts in this district have both granted additional time and dismissed actions where a claim would be barred by the relevant statute of limitations if dismissed because the case was commenced on the last possible day. *See Turner v. Kentucky Transp. Cabinet*, Civil Action No. 3:10-cv-39-DCR, 2010 WL 5014516, *3-4 (E.D.Ky. Dec. 3, 2010) (Reeves, Dist. J.) (granting short extension of

6

time to effectuate service because dismissal would prevent resolution of Plaintiff's claims which were required to be brought within 90 days of receipt of Right to Sue Letter, a very short period; Defendants had actual notice of the suit; proper address for service was used in attempts; and defendant was not prejudiced, even though Plaintiff waited 116 days – "until the last moment" – to attempt to perfect service and did not move for time extension); *Delong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2008) (VanTatenhove, Dist. J.) (dismissing Plaintiff's claims where first attempt to name Doe defendants was almost two years after filing initial complaint and only basis for failing to serve defendants was "mere oversight"); *Burnett v. Martin*, Civil Action No. 6:06-cv-482-DCR, 2007 WL 2156541, *2-3 (E.D. Ky. July 24, 2007) (Reeves, Dist. J.) (extending time to serve by thirty days where Plaintiffs' excessive force claims would be barred by the applicable statute of limitations if action was dismissed without prejudice, where late-served defendant received telephone messages from process server prior to expiration of 120 day period but did not return calls, where good faith effort was made to serve defendant through constable, and where defendant would not be prejudiced by brief extension of time). Rather, it is one of a non-exhaustive list of factors that this Court considers: (1) whether [Plaintiffs'] claims would be barred by the statute of limitations if dismissed; (2)

7

whether the defendant[s] had notice so that [they] would not be unfairly surprised by the lawsuit; and (3) whether an extension of time would serve the overall policy of resolving disputes. *Turner*, 2010 WL 5014516 at *3 (citations omitted); *see also John W. Stone Oil Distributor, LLC v. PBI Bank, Inc.*, Civil Action No. 3:09-cv-862-H, 2010 WL 3221800, *2 (W.D.Ky. Aug. 12, 2010) (exercising discretion to extend time to serve where good cause for failure to serve was not shown and in absence of prejudice to late-served defendant because plaintiff could simply file again the next day upon dismissal of suit without prejudice, which would have resulted in unnecessary waste of resources).

On the facts before it in the instant matter, the Court is unmoved by the potential loss of a cause of action. Given the fact that Plaintiffs waited until the last day of the one-year limitations period to file their suit, then showed a woeful lack of diligence in attempting to locate defendants or effect service or to explain their failure to serve within the time period, *and then* waited two months past the 120 day period for service to file a motion for an extension of time to serve all but one of the defendants, the Court sees no reason to reward their laxity with an extension of time. In reaching its decision, the Court is mindful that dismissal for failure to complete service may well prevent resolution of Plaintiffs' claims against Defendants on the merits due to expiration of the

statute of limitations. The Court is also mindful that there is no evidence which suggests that, absent service, any of the Defendants would have had actual notice of the lawsuit and, thus, would be unfairly surprised by the lawsuit after the 120 period expired. Finally, on the facts before it, the Court is not persuaded that an extension of time would serve the overall policy of resolving disputes on their merits.

Statutes of limitations are a known hazard when one undertakes to commence a suit; they serve to extinguish claims and exist as part of the framework to provide citizens with a means by which to not only govern their litigation behavior but also to evaluate their relative risk of loss with the passage of time. True, serving a defendant or requesting an extension of time to serve defendants six days or two months after the expiration of the 120-day period for service is not the same as waiting two years, *see Delong*, 251 F.R.D. at 255, and this Court might grant an extension of time to serve a defendant where someone has waited "until the last moment" under different circumstances, *see Turner*, 2010 WL 5014516 at *3, but it declines to do so in this instance.

Accordingly, **IT IS ORDERED:**

(1) that Defendant Linda Stanley's Motion to Dismiss [DE 3] is **GRANTED**;

(2) that Plaintiffs' Motion for an Extension of Time to Serve Jeremy Stanley, Aritta Becksted, and Loryn Shepherd [DE 6] is **DENIED**;

(3) that Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 12(b)(5).

This the 29th day of September, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge